Littler Mendelson
DEC 9 2019
Rec'd by: ▓▓▓

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

BENJAMIN RUEL

                Plaintiff(s),

vs.

LYNXNET, LLC

                Defendant(s).

CASE NO. 3AN- 19-11239 CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: LYNXNET, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Thomas V. Wang-Ashburn & Mason, P.C._____, whose address is: 1227 W. 9th Avenue Suite 200, Anchorage, Alaska 99501.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge Gandbhir
    and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

Date: 11-22-19

CLERK OF COURT

By: _____
    Deputy Clerk

I certify that on 11-22-19 a copy of this Summons was ☐ mailed ☒ given to
☐ plaintiff ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                                      Civil Rules 4, 5, 12, 42(c)    EXHIBIT A
SUMMONS

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

BENJAMIN RUEL, )
 )
         Plaintiff, )
 )
vs. )
 ) Case No. 3AN-19 1239 Civil
LYNXNET, LLC, )
 )
         Defendant. )
 )
 )
 )

COPY
Original Received
NOV 2 2 2019
Clerk of the Trial Courts

## COMPLAINT

COMES NOW Plaintiff Benjamin Ruel, by and through counsel, Ashburn & Mason, P.C., and for his complaint against Lynxnet, LLC, claims and alleges as follows:

### PARTIES

1. Benjamin Ruel is a resident of Juneau, Alaska.

2. Defendant Lynxnet, LLC is an Alaska limited liability company that, at all times pertinent to this complaint, transacted business throughout the State of Alaska and maintained facilities in Anchorage.

### JURISDICTION AND VENUE

3. This Court has jurisdiction of this matter pursuant to AS 22.10.020.

{11927-001-00589446;4}

4. Venue is proper in the Third Judicial District pursuant to Alaska Rule of Civil Procedure 3. Plaintiff's counsel is in Anchorage and Defendant conducted business in Anchorage. The activities giving rise to this action took place throughout the State of Alaska and Anchorage is the location that best serves the convenience of the parties, their counsel, and anticipated witnesses.

## FACTS

5. Mr. Ruel served in the United States Coast Guard ("Coast Guard") from December 1995 until January 2015.

6. Mr. Ruel began working for Lynxnet, LLC ("Lynxnet") on January 26, 2015 as a "Senior IT Systems Specialist." For approximately the first year of his employment his job duties were largely consistent with that position description. He transitioned into a role that Lynxnet described as Project Manager sometime in 2016. Mr. Ruel was never provided a job description at any time during his employment with Lynxnet.

7. Lynxnet had a contract with the Coast Guard to maintain Rescue21 communications facilities. Mr. Ruel was well versed in the Rescue21 systems as he had spent the last four years of his active duty in the Coast Guard creating and building the Rescue21 systems.

8. Mr. Ruel maintained an active secret clearance with the United States government for the majority of his adult life.

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC*   Court Case No. 3AN-19 -_____Civil                        Page 2 of 10

Case 3:19-cv-00327-HRH   Document 1-1   Filed 12/30/19   Page 3 of 11
EXHIBIT A
Page 3 of 11

9. During Mr. Ruel's employment with Lynxnet, Mr. Ruel had access as a privileged user to the Coast Guard's information system and was given a laptop that belonged to the Coast Guard.

10. As a privileged user of the Coast Guard information system, Mr. Ruel signed an Automated Information System User Agreement ("AIS Agreement"), which required him to protect government information from disclosure to unsecured individuals.

11. Beginning in early 2017 Lynxnet made operational changes and again changed Mr. Ruel's job duties, but not his title. His new job duties required him to service Rescue21 telecommunications systems on United States military facilities throughout Alaska. Mr. Ruel worked with three other travelling technicians to provide on-site structural (tower, building, and grounds maintenance), mechanical (propane powered generator, diesel powered generator, heating and ventilation systems, and fuel distribution maintenance and repair), and electronic (microwave radio, VHF Radio, telecommunication equipment, camera, and RADAR maintenance and repair) support at approximately 70 separate places of performance throughout coastal Alaska from Barrow to Ketchikan. This work was mostly physical in nature, consisting of loading and unloading thousands of pounds (depending on the task at hand) of materials and tools at airports and remote mountaintop sites throughout the state. The majority of the repair and maintenance work was focused on the power generation systems as the remote sites were self-powered.

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC*   Court Case No. 3AN-19-_____Civil
Page 3 of 10

Case 3:19-cv-00327-HRH   Document 1-1   Filed 12/30/19   Page 4 of 11

EXHIBIT A
Page 4 of 11

12. The work was inherently dangerous. Mr. Ruel spent large amounts of time, frequently unscheduled and overnight, on isolated facility locations in harsh weather conditions.

13. Mr. Ruel does not have a college degree and the work required by Lynxnet did not require any specialized course of instruction or training beyond on-the-job training. Further, Mr. Ruel was specifically instructed by his supervisor that he had no authority to commit company resources or to hire, fire, or discipline other Lynxnet employees.

14. Lynxnet's contract with the Coast Guard required it to provide the Coast Guard with detailed as-built site plans and schematics of the facilities it maintained.

15. Mr. Ruel learned of and objected to Lynxnet's plan to use outdated information in preparing site schematics that were to be delivered to the Coast Guard as part of Lynxnet's contract deliverables. Mr. Ruel was aware that the Coast Guard had previously rejected Lynxnet's schematic renderings as being inaccurate and expressed his concerns about re-submitting inaccurate information that had already been once rejected.

16. On or about April 10, 2019, Mr. Ruel filed an internal ethics-point complaint, regarding Lynxnet's plan to submit the outdated site maps.

17. In early 2019, Mr. Ruel also raised concerns regarding Lynxnet's safety practices at its warehouse in Anchorage. Specifically, Mr. Ruel pointed out the following: (1) that there was no visible OSHA literature posted onsite; (2) there was no

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC* Court Case No. 3AN-19 -_____Civil    Page 4 of 10

Case 3:19-cv-00327-HRH   Document 1-1   Filed 12/30/19   Page 5 of 11
EXHIBIT A
Page 5 of 11

obvious Hazardous Communication program elements in place (despite the presence of large quantities of paint, oil, fuel, and other chemicals, as well as multiple Hazardous Material storage lockers); (3) there is a second-floor (not secured to the building) mezzanine with inadequate railing systems that had not been load-tested, as well as several fully loaded pallet-racks and industrial shelving units that were essentially free-floating; (4) several electrical junction boxes were uncovered with wiring exposed; and (5) there was a single eyewash station for the entire warehouse. Lynxnet was unresponsive to these concerns as well.

18. In early 2019, Mr. Ruel raised concerns with Lynxnet regarding its failure to pay him overtime. Lynxnet did not meaningfully address Mr. Ruel's concerns.

19. Between May 6, 2017 and April 29, 2019, Lynxnet records reflect that Mr. Ruel worked 4,510.75 straight time hours and 2,443.5 overtime hours. The Lynxnet records actually under-report the number of hours worked because Mr. Ruel was directed not to report more than 60 hours worked per week.

20. Mr. Ruel raised concerns with Lynxnet that its practice of requiring extremely long hours of work also was creating safety concerns due to crew fatigue. In response to Mr. Ruel's concerns he was informed that there was "no maximum" amount of works hours that an employer could demand of an exempt employee.

21. On or about April 29, 2019, Lynxnet closed Mr. Ruel's ethic-point complaint and terminated Mr. Ruel's employment. He was told he was terminated based on a "request from a customer."

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC* Court Case No. 3AN-19 -_____Civil Page 5 of 10

Case 3:19-cv-00327-HRH  Document 1-1  Filed 12/30/19  Page 6 of 11

EXHIBIT A
Page 6 of 11

22. On April 29, 2019, Mr. Ruel was instructed by Lynxnet to provide the Coast Guard laptop to individuals who did not have security clearance or privileged user status.

23. Pursuant to the AIS Agreement, Mr. Ruel wiped the laptop clean prior to providing the government computer to the individual who lacked clearance.

24. Following his termination, Lynxnet filed a false and misleading incident report in the government's Joint Personnel Adjudication System ("JPAS") database, which is used by the government to track and maintain security clearance and clearance eligibility for contractors providing military work.

25. The incident report submitted by Lynxnet stated that Mr. Ruel's employment was terminated for performance and discipline problems, and that he intentionally deleted unclassified Coast Guard proprietary information by inserting a thumb drive containing the "BOOT AND NUKE" application and completely wiping the hard drive, "destroying USCG data."

26. Lynxnet's JPAS incident report was false and misleading. Prior to the incident report, Mr. Ruel had an exemplary performance record and had no documentation of performance or discipline problems.

27. As a result of the incident report filed by Lynxnet, Mr. Ruel's current security clearance is in a "Loss of Jurisdiction" status with an "Unresolved Incident."

28. The false and misleading report by Lynxnet has harmed Mr. Ruel's reputation, earning capacity, and employment prospect in his field, and, on

information and belief, was filed with the malicious intent of preventing Mr. Ruel from working for a competitor of Lynxnet.

29. Mr. Ruel filed an overtime complaint with the Alaska Department of Labor on May 6, 2019. As part of his complaint to the State of Alaska, Mr. Ruel reassigned his wage claim to the Department of Labor.

30. Lynxnet responded to the Department of Labor that Mr. Ruel was a salaried-exempt employee. However, Mr. Ruel was paid on an hourly, straight time basis and did not perform exempt job duties. Mr. Ruel was not paid any overtime for his hours worked.

31. The Department of Labor reassigned his wage claim back to Mr. Ruel effective November 22, 2019, the date of filing of this Complaint.

## COUNT I
## WRONGFUL TERMINATION

32. All foregoing paragraphs are incorporated as if fully re-alleged herein.

33. Defendant discharged Mr. Ruel from employment.

34. In every employment contract in Alaska, there is implied a covenant of good faith and fair dealing.

35. In connection with the termination of Mr. Ruel's employment, the Defendant breached both the subjective and objective components of good faith and fair dealing, thereby wrongfully discharging Mr. Ruel.

36. As a result of the wrongful discharge, Mr. Ruel has suffered damages.

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC* Court Case No. 3AN-19 -_____ Civil                Page 7 of 10

Case 3:19-cv-00327-HRH   Document 1-1   Filed 12/30/19   Page 8 of 11
EXHIBIT A
Page 8 of 11

## COUNT II
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

37. All foregoing paragraphs are incorporated as if fully re-alleged herein.

38. In Alaska it is public policy of the state that employers may not take adverse action against employees for filing ethics complaints or for raising good faith complaints about workplace safety.

39. In response to Mr. Ruel's ethics complaint, Defendant discharged Mr. Ruel from employment.

40. Defendant's action in terminating Mr. Ruel's employment was in violation of fundamental policy of the State, and therefore wrongful.

41. As a result of the wrongful discharge, Mr. Ruel has suffered damages.

## COUNT III
## UNPAID OVERTIME

42. All foregoing paragraphs are incorporated as if fully re-alleged herein.

43. Alaska labor laws require employers to pay employees overtime at a rate of 150% their regular rate when they work more than 40 hours in a workweek or more than 8 hours in a day.

44. Mr. Ruel was inaccurately classified as an exempt employee and did not receive overtime pay.

45. Mr. Ruel is entitled to overtime pay that he did not receive during his employment at Lynxnet.

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC* Court Case No. 3AN-19 -_____Civil    Page 8 of 10

Case 3:19-cv-00327-HRH   Document 1-1   Filed 12/30/19   Page 9 of 11
EXHIBIT A
Page 9 of 11

ASHBURN & MASON p.c.
LAWYERS
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel 907.276.4331  ·  Fax 907.277.8235

## COUNT IV
## DEFAMATION

46. All foregoing paragraphs are incorporated as if fully re-alleged herein.

47. Defendant filed an incident report in JPAS about Mr. Ruel that was false.

48. Defendant's filing was malicious motivated by improper motives and because it knew it was false when it was made or failed to use reasonable care to determine whether the statement was true or false.

49. Mr. Ruel has been unable to obtain employment in his field due to the false statement made in JPAS that has compromised his security clearance.

## JURY DEMAND

Plaintiff exercises his right to have this case tried before a jury.

## REQUESTED RELIEF:

Plaintiff requests the following relief:

1. A judgment for compensatory damages for unpaid overtime and lost wages and benefits in an amount to be demonstrated at trial, exceeding $100,000.00.

2. Punitive damages.

3. Costs, interest, and attorney's fees.

4. Such other relief as the Court deems appropriate.

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC* Court Case No. 3AN-19 - _____ Civil
Page 9 of 10
EXHIBIT A
Case 3:19-cv-00327-HRH Document 1-1 Filed 12/30/19 Page 10 of 11
Page 10 of 11

ASHBURN & MASON, P.C.
Attorneys for Plaintiffs

DATED: 11/21/19          By: _____
                         Thomas V. Wang
                         Alaska Bar No. 9806035
                         Ashley K. Sundquist
                         Alaska Bar No. 17012090

ASHBURN & MASON p.c.
LAWYERS
1227 West 9th Avenue, Suite 200
Anchorage, Alaska 99501
Tel 907.276.4331 • Fax 907.277.8235

{11927-001-00589446;4}
COMPLAINT
*Ruel v. Lynxnet, LLC* Court Case No. 3AN-19 -_____ Civil
Page 10 of 10

Case 3:19-cv-00327-HRH   Document 1-1   Filed 12/30/19   Page 11 of 11
EXHIBIT A
Page 11 of 11